```
 1  LUIS LI (State Bar No. 156081)
    Luis.Li@mto.com
 2  PAUL J. WATFORD (State Bar No. 183283)
    Paul.Watford@mto.com
 3  JENNY M. JIANG (State Bar No. 247986)
    Jenny.Jiang@mto.com
 4  MUNGER, TOLLES & OLSON LLP
    355 South Grand Avenue, 35th Floor
 5  Los Angeles, CA  90071-1560
    Telephone:  (213) 683-9100
 6  Facsimile:   (213) 687-3702

 7  AIMEE FEINBERG (State Bar No. 223309)
    Aimee.Feinberg@mto.com
 8  MUNGER, TOLLES & OLSON LLP
    560 Mission Street, 27th Floor
 9  San Francisco, CA  94105-2907
    Telephone:  (415) 512-4000
10  Facsimile:   (415) 512-4077

11  Attorneys for Plaintiff
    VAN WAGNER COMMUNICATIONS, LLC
12
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| VAN WAGNER COMMUNICATIONS, LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF LOS ANGELES,<br><br>        Defendant. | CASE NO. CV 08-05782 DSF (JTLx)<br><br>**STIPULATION OF PARTIES TO STAY CASE** |
|---|---|

   WHEREAS on September 4, 2008, Plaintiff Van Wagner Communications, LLC ("Van Wagner") filed this action against defendant City of Los Angeles (the "City") asserting that, among other things:

   1. Sections 14.4.4(B)(9), 14.4.4(B)(11), 14.4.6, and 91.6201.6.1 of the Los Angeles Municipal Code ("LAMC") violate the First Amendment by vesting unfettered discretion in local officials to decide what speech to permit. Because the offending provisions of these sections are not severable, the entire sections are invalid, including but not limited to, provisions governing new off-site signs, supergraphic signs, signs within 2000 feet of a freeway, and the alteration of legally existing signs;

   2. LAMC sections 14.4.4(B)(9), 14.4.4(B)(11), and 14.4.6 violate the First Amendment as applied to Van Wagner. These provisions, including but not limited to, those governing off-site signs, supergraphic signs, signs within 2000 feet of a freeway, and the alteration of legally existing signs, do not directly advance the City's asserted interests in traffic safety and aesthetics and are not narrowly tailored to achieve any substantial municipal interest. These provisions therefore fail the *Central Hudson* standard applicable to restrictions on commercial speech;

   3. LAMC section 92.6201.2 regulates non-commercial speech based on its content, and the City has failed to show that this provision advances a compelling interest or that it is narrowly drawn to achieve any compelling interest; and

   4. Van Wagner will suffer irreparable constitutional and competitive injuries, including injuries to its reputation and customer goodwill.

   WHEREAS plaintiff Van Wagner is prepared to immediately file a motion for preliminary injunction seeking to enjoin defendant City from enforcing LAMC Sections 14.4.4(B)(9), 14.4.4(B)(11), 14.4.6, 91.6201.6.1, and 91.6201.2 against it;

1       WHEREAS on June 8, 2008, United States District Judge for the
2  Central District of California Audrey B. Collins issued a preliminary injunction
3  enjoining defendant City from enforcing LAMC Sections 14.4.4(B)(9),
4  14.4.4(B)(11), and 14.4.6 against plaintiff in *World Wide Rush, LLC v. City of Los
5  Angeles*, Case No. CV 07-238 ABC (JWJx);
6       WHEREAS, in *World Wide Rush*, the Court found that LAMC
7  Sections 14.4.4(B)(9) and 14.4.4(B)(11) facially violate the First Amendment in
8  that they grant the City unfettered discretion to restrict speech and that
9  Section 14.4.6 does not directly advance the City's asserted interests in traffic
10 safety and aesthetics and is not narrowly tailored to achieve any substantial
11 municipal interest and therefore fails the *Central Hudson* standard applicable to
12 restrictions on commercial speech;
13      WHEREAS on August 26, 2008, the Court in *World Wide Rush*
14 entered an Amended Judgment and Permanent Injunction against the City adopting
15 the above findings and permanently enjoining the City from enforcing the invalid
16 provisions of the City's sign ordinance against World Wide Rush;
17      WHEREAS on August 29, 2008, the City filed a notice of appeal of
18 the Court's final judgment in *World Wide Rush*;
19      WHEREAS plaintiff Van Wagner's complaint in the instant case raises
20 many of the same constitutional issues presented in *World Wide Rush* and the
21 ultimate decision of the Ninth Circuit in *World Wide Rush* (No. 08-56454, 9th Cir.)
22 may impact the instant litigation;
23      WHEREAS a number of other actions are before the United States
24 District Court for the Central District of California raising similar or identical
25 claims;
26      WHEREAS plaintiff Van Wagner and defendant City seek to avoid the
27 waste of judicial resources associated with continued litigation and the risk of
28 inconsistent rulings pending a final decision by the Ninth Circuit in *World Wide*

*Rush*, and therefore agree to stay the instant case pursuant to this Stipulation.

      NOW THEREFORE THE PARTIES STIPULATE AS FOLLOWS:

   1. The parties agree to stay this action pending a final judgment by the Ninth Circuit in *World Wide Rush v. City of Los Angeles*, No. 08-56454. The parties agree that within 30 days of such a judgment, they will jointly notify this Court that the Ninth Circuit has issued such a judgment and submit a Federal Rule of Civil Procedure 26(f) Joint Report proposing all applicable deadlines. The period commencing upon this Court's approval of this Stipulation to stay and ending upon the later of 45 days after the parties' notification of a final judgment in *World Wide Rush* or this Court's ruling on a preliminary injunction motion filed by plaintiff Van Wagner in this case shall be defined herein as the "Stay Period." Once the Stay Period has expired, the parties may at their sole discretion recommence or resolve the instant case.

   2. Prior to the expiration of the Stay Period, the parties agree that plaintiff Van Wagner may, in its sole and absolute discretion, recommence the instant case. The parties further agree that defendant City shall not recommence the instant case prior to the expiration of the Stay Period.

   3. During the Stay Period, defendant City agrees that:

    a. Defendant City and its officers, agents, servants, employees and attorneys, and all those acting in concert or participating with them, shall not enforce against plaintiff Van Wagner, or those in contractual privity with Van Wagner, any part or provision of LAMC Sections 14.4.4(B)(9), 14.4.4(B)(11), or 14.4.6;

    b. Defendant City and its officers, agents, servants, employees and attorneys, and all those acting in concert or participating with them, shall not interfere with plaintiff Van Wagner's, or those in contractual privity with Van Wagner, maintenance of its signs based on any part or provision of LAMC Sections 14.4.4(B)(9), 14.4.4(B)(11), or 14.4.6 or based on the inability to obtain

1  permits. For purposes of this agreement, maintenance shall include, but is not
2  limited to, the removal, repair, maintenance, and replacement of signs of
3  substantially similar dimension;
4         c.  Defendant City and its officers, agents, servants,
5  employees and attorneys, and all those acting in concert or participating with them,
6  shall not issue citations to or engage in any other enforcement action against
7  plaintiff Van Wagner, or those in contractual privity with Van Wagner, based on
8  LAMC Sections 14.4.4(B)(9), 14.4.4(B)(11), or 14.4.6, or based on the inability to
9  obtain permits for its signs; and
10         d.  Defendant City and its officers, agents, servants,
11 employees and attorneys, and all those acting in concert or participating with them,
12 shall not use LAMC Sections 14.4.4(B)(9), 14.4.4(B)(11), or 14.4.6 to interfere
13 with plaintiff Van Wagner's lawful efforts to obtain permits and shall negotiate in
14 good faith to resolve the causes of action in plaintiff's complaint including, but not
15 limited to, those relating to the modification and/or alteration of existing signs.
16      4.  Van Wagner shall be entitled to enforce in this Court the
17 provisions in paragraph 3 above against the City during the Stay Period as if a court
18 had entered a permanent injunction against the City including those provisions.
19      5.  Plaintiff Van Wagner agrees that:
20         a.  It shall, on the day this stipulation is signed by both
21 parties, provide to defendant City a list of locations to which this stipulation and
22 stay shall apply. Defendant City understands and agrees that this list and the
23 information contained therein shall be treated as confidential and proprietary
24 information and that it shall not be shared with anyone, including any of Van
25 Wagner's competitors or those with whom such competitors contract, except as
26 otherwise required by law. Defendant City agrees that should it receive any request
27 for disclosure, it shall immediately notify plaintiff Van Wagner so that plaintiff may
28 assert any legal claim for non-disclosure; and

      b.    Defendant City may inspect Van Wagner's signs to ensure that they have been constructed and maintained safely, but under no circumstances shall the City, as a result of such inspections, if any, issue citations or otherwise take any other action against Van Wagner or parties with whom Van Wagner contracts for non-compliance with Sections 14.4.4(B)(9), 14.4.4(B)(11), and/or 14.4.6 of the LAMC during the Stay Period.

6.    This stay is effective immediately upon the Court's approval of this Stipulation.

IT IS SO STIPULATED.

DATED: October 16, 2008      MUNGER TOLLES & OLSON LLP

By: _____
      LUIS LI

Attorneys for Plaintiff
VAN WAGNER COMMUNICATIONS, LLC

DATED: October 16, 2008      CITY ATTORNEY'S OFFICE

By: _____
      KENNETH FONG

Attorneys for Defendant
CITY OF LOS ANGELES