LUIS LI (State Bar No. 156081)
Luis.Li@mto.com
PAUL J. WATFORD (State Bar No. 183283)
Paul.Watford@mto.com
JENNY M. JIANG (State Bar No. 247986)
Jenny.Jiang@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

AIMEE FEINBERG (State Bar No. 223309)
Aimee.Feinberg@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

Attorneys for Plaintiff
VAN WAGNER COMMUNICATIONS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN WAGNER COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | CASE NO. CV 08-05782 DSF (JTLx)<br><br>**NOTICE OF MOTION AND MOTION TO ENFORCE STIPULATION AND OCTOBER 21, 2008 STAY ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declarations of Peter Raulli and Aimee Feinberg filed concurrently herewith]<br><br>Date: December 8, 2008<br>Time: 1:30 p.m.<br>Judge: Hon. Dale S. Fischer |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at 1:30 p.m. on Monday, December 8, 2008, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Dale S. Fischer (Courtroom 840) in the United States District Court for the Central District of California, Western Division, Roybal Federal Building, 255 East Temple Street, Los Angeles, California, Plaintiff will, and hereby does, move for an order enforcing the confidentiality provision set forth in the parties' stipulation and embodied in this Court's October 21, 2008 order staying the litigation in the above-captioned matter.

Plaintiff's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed declarations of Peter Raulli and Aimee Feinberg, all pleadings and papers on file in this action, the arguments of counsel, and any other argument or evidence properly before this Court. This motion is made following the conference of counsel pursuant to L.R. 7-3. Counsel conferred regarding this motion on more than one occasion, including on November 3, 2008. The parties have agreed to waive the 20-day advance notice requirement in L.R. 7-3 because of the time constraints set forth in the California Public Records Act, which require the City to provide a response to the pending request for records within ten days. *See* Cal. Gov't Code § 6253(c).

DATED: November 7, 2008

MUNGER, TOLLES & OLSON LLP

By: /s/ Aimee Feinberg
AIMEE FEINBERG

Attorneys for Plaintiff
VAN WAGNER COMMUNICATIONS, LLC

# TABLE OF CONTENTS

Page

I. BACKGROUND .................................................................................................1

II. ARGUMENT......................................................................................................3

    A. The Stipulation Prohibits the City from Releasing the List..................3

    B. The California Public Records Act Does Not Require the City to Disclose Van Wagner's List to One of Its Competitors........................4

III. CONCLUSION..................................................................................................8

# TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*World Wide Rush, LLC v. City of Los Angeles,*
   No. 07-238 (C.D. Cal.) (Collins, J.) ............................................................ 1, 2, 6

### STATE CASES

*Bd. of Trustees of the Cal. State Univ. v. Super. Ct.,*
   132 Cal. App. 4th 889, 34 Cal. Rptr. 3d 82 (2005) .......................................... 5, 6

*Courtesy Temp. Serv., Inc. v. Camacho,*
   222 Cal. App. 3d 1278, 272 Cal. Rptr. 352 (1990) ............................................ 7

*Fairley v. Super. Ct.,*
   66 Cal. App. 4th 1414, 78 Cal. Rptr. 2d 648 (1998) .......................................... 5

*Klamath-Orleans Lumber, Inc. v. Miller,*
   87 Cal. App. 3d 458 (1978) ................................................................................ 7

*Morlife, Inc. v. Perry,*
   56 Cal. App. 4th 1514, 66 Cal. Rptr. 2d 731 (1997) ....................................... 7, 8

*San Jose Constr., Inc. v. S.B.C.C., Inc.,*
   155 Cal. App. 4th 1528, 67 Cal. Rptr. 3d 54 (2007) .......................................... 7

*Times Mirror Co. v. Super. Ct. of Sacramento County,*
   53 Cal. 3d 1325, 283 Cal. Rptr. 893 (1991) ....................................................... 8

### STATE STATUTES

Cal. Civ. Code § 3426.1(d) .......................................................................................... 6
Cal. Civ. Code § 3426.1(d)(1) ..................................................................................... 7
Cal. Civ. Code § 3426.1(d)(2) ..................................................................................... 7
Cal. Evid. Code § 1060 ................................................................................................ 6
Cal. Gov't Code §§ 6250 *et seq.* ................................................................................. 4
Cal. Gov't Code § 6252(e) ........................................................................................... 4
Cal. Gov't Code § 6253 ............................................................................................... 4
Cal. Gov't Code § 6254 ............................................................................................... 5
Cal. Gov't Code § 6254(b) ....................................................................................... 5, 6
Cal. Gov't Code § 6254(k) ........................................................................................... 6
Cal. Gov't Code § 6255 ............................................................................................... 8
Cal. Gov't Code § 6255(a) ........................................................................................... 8

**MEMORANDUM OF POINTS AND AUTHORITIES**

Through this motion, Van Wagner Communications, LLC ("Van Wagner") respectfully requests that the Court enter an order enforcing the confidentiality provision of the parties' stipulated agreement embodied in this Court's October 21, 2008 order staying the above-captioned litigation. That provision prohibits the City from disclosing a confidential and proprietary list of property locations provided by Van Wagner to the City as part of the parties' stipulated stay unless "otherwise required by law." Counsel for one of Van Wagner's competitors has requested that the City produce Van Wagner's list under the California Public Records Act. Because the parties' stipulation prohibits such disclosure, and this Court's October 21 order incorporates this term of the parties' stipulation, and because no provision of law requires release of the information, Van Wagner respectfully seeks an order enforcing the confidentiality requirement set forth in the parties' stipulation and incorporated in the Court's order.

**I.   BACKGROUND**

Van Wagner is an outdoor advertising company that does business in Los Angeles and in metropolitan areas throughout the country. On September 4, 2008, Van Wagner filed suit against the City of Los Angeles (the "City"), alleging that the City's sign ordinance, which generally prohibits the erection of all new off-site signs, violates the First Amendment to the United States Constitution. In particular, Van Wagner's complaint alleged that the City's sign ordinance vests unfettered discretion in City officials to decide which signs to allow and impermissibly regulates commercial speech.

On October 16, 2008, after good faith negotiations, the City and Van Wagner stipulated to a stay of their dispute. Their stipulation noted that a court in this district, in the matter *World Wide Rush, LLC v. City of Los Angeles*, No. 07-238 (C.D. Cal.) (Collins, J.), had already concluded that certain provisions of the City's sign ordinance violated the First Amendment and had issued a permanent

injunction barring the City from enforcing those unlawful provisions against World Wide Rush. *See* Stipulation of Parties to Stay Case, Oct. 16, 2008 (Dkt. 15), at 3 ("Stipulation"). The Stipulation further stated that Van Wagner's complaint against the City raised many of the same constitutional issues presented in *World Wide Rush* and that the outcome of the City's appeal of the *World Wide Rush* decision to the Ninth Circuit could impact the instant litigation. *Id.* In light of the pendency of the *World Wide Rush* appeal, the City and Van Wagner agreed to stay the litigation between them "to avoid the waste of judicial resources associated with continued litigation and the risk of inconsistent rulings pending a final decision by the Ninth Circuit in *World Wide Rush*." *Id.* at 3-4. The parties stipulated that their negotiated stay would remain in effect pending the Ninth Circuit's decision in *World Wide Rush*, but agreed that Van Wagner would be entitled, in its sole and absolute discretion, to recommence active litigation at any time. *Id.* ¶¶ 1-2. During the stay period, the City is prohibited from enforcing against Van Wagner the provisions of its sign ordinance that the *World Wide Rush* court had found to be unconstitutional. *Id.* ¶ 3.

The Stipulation also required Van Wagner to provide the City with a list of locations to which the stay of enforcement would apply, subject to the City's agreement to maintain that list in confidence. Paragraph 5(a) of the Stipulation states:

> Plaintiff Van Wagner agrees that . . . [i]t shall, on the day this stipulation is signed by both parties, provide to defendant City a list of locations to which this stipulation and stay shall apply. Defendant City understands and agrees that this list and the information contained therein shall be treated as confidential and proprietary information and that it shall not be shared with anyone, including any of Van Wagner's competitors or those with whom such competitors contract, except as otherwise required by law. Defendant City agrees that should it receive any request for disclosure, it shall immediately notify plaintiff Van Wagner so that plaintiff may assert any legal claim for non-disclosure.

1  *Id.* ¶ 5(a).

2  As set forth in the Stipulation, Van Wagner provided its list of locations to the City on the same day that the Stipulation was signed and filed. *See* Declaration of Peter Raulli ("Raulli Decl.") ¶¶ 2, 12. The list expressly states that it is part of the parties' stipulated stay and is subject to the parties' confidentiality agreement. *Id.* ¶ 12 (noting that the list says it is "[s]ubject to the Stipulation of the Parties to Stay Case (Case No. CV-08-05782 DSF (JTLx))" and includes information that "is confidential, proprietary and non-public information of Van Wagner Communications, LLC").

On October 21, 2008, pursuant to the parties' Stipulation, this Court entered an order staying the litigation. *See* Order Staying Case, No. 08-5782 DSF (Oct. 21, 2008) (Dkt. 16) ("Stay Order"). That order incorporated the parties' stipulated agreement, including paragraph 5(a)'s confidentiality provision. *See id.*

On October 28, 2008, counsel for World Wide Rush, one of Van Wagner's competitors, sent a letter to the City requesting that the City produce Van Wagner's list of locations under the California Public Records Act. *See* Declaration of Aimee Feinberg at Exs. A & B.[1] As provided in the Stipulation and Stay Order, the City notified Van Wagner of World Wide Rush's request. Van Wagner informed the City of its objection to disclosure of the list and subsequently filed this motion to enforce the City's confidentiality obligation.

## II. ARGUMENT

### A. The Stipulation Prohibits the City from Releasing the List

The City may not disclose Van Wagner's list under the express terms of the Stipulation, which was subsequently incorporated into the Court's Stay Order. As

---

[1] World Wide Rush's counsel's letter expresses the incorrect view that the Stipulation requires Van Wagner's list of locations to include only sites for which Van Wagner has an executed lease with the property owner. The Stipulation contains no such limitation. *See* Stipulation ¶ 5(a) (requiring Van Wagner to provide "a list of locations to which this stipulation and stay shall apply").

noted above, the Stipulation provides that the "City understands and agrees that [Van Wagner's] list and the information contained therein shall be treated as confidential and proprietary information and *that it shall not be shared with anyone*, including any of Van Wagner's competitors or those with whom such competitors contract, except as otherwise required by law." Stipulation ¶ 5(a) (emphasis added); Stay Order ¶ 5(a) (incorporating terms of the Stipulation) (emphasis added). Accordingly, the Court should enter an order enforcing the City's confidentiality obligation and prohibiting the City from disclosing Van Wagner's list to World Wide Rush, its counsel, or anyone else.

### B. The California Public Records Act Does Not Require the City to Disclose Van Wagner's List to One of Its Competitors

As noted, World Wide Rush requested production of Van Wagner's list under the California Public Records Act ("CPRA"), California Government Code sections 6250 *et seq.* That statute does not require the City to turn over Van Wagner's confidential and proprietary information to one of its competitors. Therefore, in the words of the Stipulation and Stay Order, the City is not "otherwise required by law" to disclose Van Wagner's list.

The CPRA requires state and local agencies to make records available to the public, subject to a number of enumerated exceptions that protect records from disclosure. Cal. Gov't Code § 6253 (setting forth disclosure requirements), *id.* § 6254 ("nothing in this chapter shall be construed to require disclosure of records that are any of the following . . . ."). Even assuming that Van Wagner's list is a "public record" within the meaning of the CPRA, *id.* § 6252(e) (defining "[p]ublic records"), it is protected from disclosure under at least three exemptions in the Act, each of which is independently sufficient to preclude the City from releasing the list.

1.  The CPRA exempts from disclosure "[r]ecords pertaining to pending litigation to which the public agency is a party . . . until the pending

- 4 -    PLTF'S MOT. FOR ORDER ENFORCING
STIPULATION & ORDER, CV 08-5782 DSF
000008

1 litigation or claim has been finally adjudicated or otherwise settled." *Id.* § 6254(b).
2 This provision applies to documents that are "specifically prepared for use in
3 litigation" while litigation is ongoing. *Fairley v. Super. Ct.*, 66 Cal. App. 4th 1414,
4 1420, 78 Cal. Rptr. 2d 648 (1998) (internal quotation marks omitted).
5 Section 6254(b) applies not only to records created by the public agency itself, but
6 also to any "litigation-related documents, when sought by persons or entities not
7 party to the litigation, which the parties to the litigation do not intend to be revealed
8 outside the litigation." *Bd. of Trustees of the Cal. State Univ. v. Super. Ct.*, 132
9 Cal. App. 4th 889, 894, 34 Cal. Rptr. 3d 82 (2005). In *Board of Trustees*, the Court
10 of Appeal held that correspondence from opposing counsel was not subject to
11 disclosure under the CPRA because it was a record pertaining to pending litigation.
12 "Although prepared by an opposing attorney or party, such correspondence in the
13 possession of the public entity should be protected if the parties did not intend that
14 the documents be revealed outside the litigation . . . . [Such documents] would . . .
15 be subject to section 6254(b) as records 'pertaining to pending litigation,' and
16 protected from disclosure to the same extent as documents prepared by the public
17 entity." *Id.* at 900.

18 *Board of Trustees* is squarely on point. To begin with, Van Wagner's list is a
19 litigation-related document. As explained above, it was prepared specifically for
20 use in this litigation—it was prepared and sent to the City as part of the parties'
21 stipulation to stay the litigation. *See* Stipulation ¶ 5(a); Stay Order ¶ 5(a); *see also*
22 Raulli Decl. ¶¶ 2, 12 (noting that the list "was provided to the City . . . as part of the
23 parties' joint stipulation" and bears a header stating "[s]ubject to the Stipulation of
24 the Parties to Stay Case (Case No. CV-08-05782 DSF (JTLx)"). In addition,
25 neither the City nor Van Wagner "intend[s] [for the list] to be revealed outside the
26 litigation." *See Bd. of Trustees*, 132 Cal. App. 4th at 894. To the contrary, the
27 parties jointly agreed that the list would be treated as confidential. *See* Stipulation
28 ¶ 5(a); *see also* Raulli Decl. ¶¶ 11-12 (noting that "it was understood and agreed

between the parties that the list would remain confidential" and that the list itself states that "[t]he information included in this document is confidential, proprietary and non-public information of Van Wagner Communications, LLC"). Finally, there is no doubt that the instant litigation remains pending. *See* Cal. Gov't Code § 6254(b) (applying exemption "until the pending litigation or claim has been finally adjudicated or otherwise settled"); *Bd. of Trustees*, 132 Cal. App. 4th at 899. This litigation is merely stayed pending resolution of the *World Wide Rush* appeal, and under the Stipulation and Stay Order, Van Wagner is entitled to recommence active litigation at any time. Stipulation ¶ 2. For these reasons, the list of locations provided by Van Wagner is covered by the pending litigation exception in section 6254(b) and is exempt from disclosure under the CPRA.

　　　　　　2.　　The CPRA also exempts from disclosure "[r]ecords, the disclosure of which is exempted or prohibited pursuant to federal or state law, including, but not limited to, provisions of the Evidence Code relating to privilege." Cal. Gov't Code § 6254(k). The Evidence Code, in turn, provides a privilege for trade secret information, stating, in relevant part: "[i]f he or his agent or employee claims the privilege, the owner of a trade secret has a privilege to refuse to disclose the secret, and to prevent another from disclosing it, if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice." Cal. Evid. Code § 1060. Van Wagner's list contains trade secret information and thus is exempt from disclosure.

　　　　　　A trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that . . . (1) [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d). As explained in the accompanying declaration, Van Wagner invested significant time and resources to compile the list

of property locations, including undertaking efforts to identify locations, develop business relationships, and establish goodwill with property owners. *See* Raulli Decl. ¶ 3. Courts regularly treat compilations of business information of this kind as protected trade secrets. *See Courtesy Temp. Serv., Inc. v. Camacho*, 222 Cal. App. 3d 1278, 1287, 272 Cal. Rptr. 352 (1990) (holding that plaintiff's customer list developed through significant efforts was a trade secret and that plaintiff's "work effort[] or process of acquiring and retaining clientele . . . constitutes a protectable trade secret"); *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514, 1521-22, 66 Cal. Rptr. 2d 731 (1997) (similar); *San Jose Constr., Inc. v. S.B.C.C., Inc.*, 155 Cal. App. 4th 1528, 1539-40, 67 Cal. Rptr. 3d 54 (2007) (similar).

Van Wagner's list of locations also derives independent economic value from "not being generally known to the public or to other persons who can obtain economic value from its disclosure or use." Cal. Civ. Code § 3426.1(d)(1); *see also Morlife*, 56 Cal. App. 4th at 1522 ("The requirement that a customer list must have economic value to qualify as a trade secret has been interpreted to mean that the secrecy of this information provides a business with a 'substantial business advantage.'" (citing *Klamath-Orleans Lumber, Inc. v. Miller*, 87 Cal. App. 3d 458, 465 (1978))). If the City were to reveal Van Wagner's list, Van Wagner's competitors would learn the location of sites where Van Wagner is negotiating leases and could seek to undercut Van Wagner in those negotiations. *See* Raulli Decl. ¶¶ 8-10 (discussing competitive harm to Van Wagner were the City to disclose the list).

Finally, Van Wagner has undertaken "efforts that are reasonable under the circumstances to maintain [the] secrecy" of its list. Cal. Civ. Code § 3426.1(d)(2). Only employees who are working on projects relating to potential sign locations will generally be aware of those locations. *See id.* ¶ 7. Van Wagner's practice is to not disclose its confidential and proprietary information outside the company. *Id.* ¶ 5. For example, Van Wagner does not disclose to its advertisers locations where it

is still negotiating a lease. *Id.* ¶ 6. In addition, when speaking with potential lessors, Van Wagner's general practice is to provide only a copy of the Court's October 21, 2008 stay order and not Van Wagner's list of locations. *Id.* When a potential lessor requests a copy of the list, Van Wagner provides only a version of the list that is redacted to omit all location addresses except that of the potential lessor. *Id.* Finally, Van Wagner provided the list to the City only as part of the parties' joint stipulation, which requires the City to maintain the information in confidence, and clearly marked the list "confidential, proprietary and non-public." *See id.* ¶¶ 11-12; Stipulation ¶ 5(a). These measures reflect significant, and certainly reasonable, efforts under the circumstances to maintain the secrecy of the information contained in Van Wagner's list. *See, e.g., Morlife*, 56 Cal. App. 4th at 1522 (stating that "labeling information 'trade secret' or 'confidential information' [is] . . . an important factor in establishing the value which was placed on the information . . . .").

       3.    Finally, Van Wagner's list is exempt from disclosure under the CPRA's "catch-all" exemption, California Government Code section 6255, which provides that an agency need not disclose a public record when, "on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record." Cal. Gov't Code § 6255(a); *see also Times Mirror Co. v. Super. Ct. of Sacramento County*, 53 Cal. 3d 1325, 1337-39, 283 Cal. Rptr. 893 (1991) (discussing section 6255). Here, there is a strong public interest in enforcing the terms of an agreement that resulted in a stay of potentially burdensome litigation against the City. There is no significant countervailing public interest in disclosing a confidential list of Van Wagner's proprietary information.

### III. CONCLUSION

The parties' Stipulation, the terms of which were subsequently incorporated into this Court's Stay Order, prohibits the City from disclosing the information

- 8 -

PLTF'S MOT. FOR ORDER ENFORCING STIPULATION & ORDER, CV 08-5782 DSF

1  contained in Van Wagner's list "except as otherwise required by law." The law
2  does not require such disclosure. Accordingly, the Court should enter an order
3  enforcing the confidentiality provision set forth in the parties' Stipulation and
4  incorporated into the Court's October 21, 2008 Stay Order.

DATED: November 7, 2008           MUNGER, TOLLES & OLSON LLP

                                  By: /s/ Aimee Feinberg
                                      AIMEE FEINBERG

                                  Attorneys for Plaintiff
                                  VAN WAGNER COMMUNICATIONS, LLC