**ROCKARD J. DELGADILLO,** City Attorney (SBN: 125465)
**TAYO A. POPOOLA,** Deputy City Attorney (SBN: 134564)
**KENNETH T. FONG,** Deputy City Attorney (SBN: 140609)
Room 701, City Hall East
200 North Main Street
Los Angeles, California  90012
Telephone Number 213.978.8064
Fax Number 213.978.8214
Email: Kenneth.Fong@lacity.org

Attorneys for Defendant
**CITY OF LOS ANGELES**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN WAGNER COMMUNICATIONS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES,<br><br>Defendant. | CASE NO. CV 08-05782 DSF (JTLx)<br><br>(Hon. Dale S. Fischer)<br><br>**CITY OF LOS ANGELES' OPPOSITION TO PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS; DECLARATIONS OF FRANK LARA AND DAVID MICHAELSON**<br><br>Hearing Date: December 22, 2008<br>Hearing Time  10:00 a.m.<br>Court Room:   840, Roybal Building |

## I. INTRODUCTION.

Confronted with its own lack of candor regarding its sites that have neither leases nor existing signs, Plaintiff Van Wagner has apparently taken to heart the old adage "the best defense is a good offense." To that end, Van Wagner has filed a hyper-aggressive motion for contempt sanctions based primarily on the City's issuance of orders to comply for two of Van Wagner's signs. But there is no basis for contempt sanctions.

The purpose of civil contempt sanctions is to coerce a party to refrain from action, and not to punish. Here, there is no need to coerce the City to do anything. The City has already admitted that it mistakenly issued the orders to comply and has now rescinded them. There is no basis for contempt charges with respect to any of the other sites on Van Wagner's list because the City has not issued orders to comply for signs on any of those sites.

Nor does the City's filing of the Dean Staron declaration that inadvertently contained some of the addresses of sites on Van Wagner's list warrant contempt sanctions. This inadvertence should be excused because the Deputy City Attorney handling this matter did not receive the e-mail notice of the court's order prohibiting public release of the list until several hours after that declaration had been filed. In any case, Van Wagner is to blame for creating the time crunch that caused the mistake because Van Wagner initially filed its motion as an ex parte application which the court has now ruled was inappropriate.

Thus, there is absolutely no need and no basis for contempt sanctions.

Because there is no basis for contempt sanctions, there is also no basis for the over $37,000 in attorneys fees sought by Van Wagner.

Finally, the parties' dispute has made it evident that the stay between the parties is too uncertain to provide proper guidance to the parties' actions and therefore should be dissolved so that the parties can litigate the merits of this matter.

The Court should deny Van Wagner's motion.

## II. FACTS.

On October 16, 2008, the parties entered into a Stipulation of Parties to Stay Case ("Stipulation") to stay the litigation of this matter pending resolution of the Ninth Circuit case *World Wide Rush v. City of Los Angeles*, No. 08-56454.

The heart of the stay language is set forth in Subparagraph (a) of Paragraph 3 of the stipulation as follows:

1     "3.  Prior to the expiration of the Stay Period, the parties agree that:

2         a.  Defendant City and its officers, agents, servants, employees and attorneys, and all those acting in concert or participating with them, shall not enforce against plaintiff Van Wagner, or those in contractual privity with Van Wagner, any part or provision of LAMC Sections 14.4.4(B)(9), 14.4.4(B)(11), or 14.4.6;"

    Shortly after the parties signed the stipulation, the Court signed an order putting the stay into effect.

    On November 24, 2008, Van Wagner filed an ex parte application seeking to have the City held in contempt for issuing two orders to comply in violation of the stay order.  Copies of those orders to comply were attached to the ex parte application but the addresses of the sites were redacted making it impossible to identify them as being on the list of sites associated with the stay.

    On November 25, 2008, the Department of Building and Safety of the City of Los Angeles independently located the orders to comply that had been issued for Van Wagner's sites.  The Department confirmed that they are among the sites on the list associated with the stay in the present case. (Declaration of Dean Staron in Support of City of Los Angeles' Opposition to Plaintiff's Ex Parte Application For Order To Show Cause Why Should Not Be Held In Contempt and Sanctioned For Its Violation Of The Parties' Stipulation And The Court Order Entered Pursuant Thereto ("Staron Decl."), ¶ 3).  Bureau Chief Frank Bush issued a letter rescinding the orders to comply that the City had mistakenly issued for signs covered by the stay between the City and Van Wagner Communications, LLC. (Declaration of Kenneth T. Fong in Support of City of Los Angeles' Opposition to Plaintiff's Ex Parte Application For Order To Show Cause Why Defendant Should Not Be Held In Contempt and Sanctioned For Its Violation Of The Parties' Stipulation And The Court Order Entered Pursuant Thereto, ¶ 2).

1  At the December 1, 2008, hearing on Van Wagner's ex parte application, the
2  Court explained that the relief sought was not a proper subject for an ex parte
3  application and that the Court would treat it as a noticed motion, then continued the
4  hearing to December 22, 2008. The Court gave the parties the opportunity to file
5  further briefing on the matter. Finally, the Court urged the parties to try and resolve
6  their dispute.

7  After the December 1st hearing, counsel for the City and counsel for Van
8  Wagner discussed settling the parties' dispute over the terms of the stay. During
9  those discussions, Van Wagner's counsel offered to remove from the stay list some
10 of the sites for which Van Wagner does not have an existing sign. Counsel for the
11 City was unwilling to agree to that offer and asked if Van Wagner would be willing
12 to remove all sites from the list that at the time of the parties entering into the
13 stipulation for stay had neither a current lease not an existing sign. Van Wagner's
14 response was "no". After that, the parties were unable to settle their dispute.
15 (Declaration of David Michaelson in Support of City of Los Angeles' Opposition to
16 Plaintiff's Motion for Contempt Sanctions, ¶ 2).

### III. DISCUSSION.

**A. There is no need for contempt sanctions to coerce the City to comply with the stay.**

One of the primary purposes of civil contempt sanctions is to coerce compliance with a court order. *See International Union, UMWA v. Bagwell*, 512 U.S. 821, 827-29, 114 S. Ct. 2552, 2557-2558 (1994). There is no need for such contempt sanctions here because there is nothing to coerce the City to do.

The City has already admitted that it mistakenly issued the orders to comply and has now rescinded them. (Declaration of Kenneth T. Fong in Support of City of Los Angeles' Opposition to Plaintiff's Ex Parte Application For Order To Show Cause Why Should Not Be Held In Contempt and Sanctioned For Its Violation Of The Parties' Stipulation And The Court Order Entered Pursuant Thereto ("Fong

Decl."), ¶ 2). *See, e.g., id.* at 828, 114 S. Ct. at 2558 (witness who is jailed for refusal to testify has ability to purge herself of the contempt by testifying). While Van Wagner complains that the City did not rescind the orders to comply even faster than it did, Van Wagner added to the difficulty. In its original Ex Parte Application, Van Wagner redacted the street addresses in the orders to comply making it necessary for City staff to conduct an independent search for the orders to comply so that they could be rescinded. (Staron Decl., ¶ 3) There is no basis for contempt charges with respect to any of the other sites on Van Wagner's list because the City has not issued orders to comply for signs on any of those sites. (Declaration of Frank Lara in Support of City of Los Angeles' Opposition to Plaintiff's Motion for Contempt Sanctions, ¶ 2).

Van Wagner also argues that the City's letter dated November 7, 2008, violates the stay by threatening enforcement in violation of the stay. This letter does not violate the stay. First, it is just a letter stating the City's reading of the stay, not an enforcement tool of the City. Second, the City has now filed a Motion to Dissolve the Stay. In ruling on that motion, it is anticipated that the court will either remove the stay, in which case there will be no need to comply with it, or render a dispositive and clear interpretation of the stay that the parties can easily follow.

In any case, as discussed in detail in the City's concurrent Motion to Dissolve the Stay, the City retains the right to enforce all of its sign regulations other than those affected by the stay. This means that regardless of the stay, the City will have the discretion to treat Van Wagner's large cloth or vinyl signs as oversized banner signs that are subject to an aggregate 90-day annual display limit.[1]

In bringing the banner sign regulations to the Court's attention, it is the City's intent to be forthright. Van Wagner is likely to accuse the City of hiding its

---

1 Los Angeles Municipal Code § 14.4.16.

5

intent to enforce those regulations in order to gain advantage during the stay negotiations but this would be inaccurate. The City always intended that the stay would apply only to the three discrete Code provisions expressly set forth in the stay, and Van Wagner must have been of similar mind given that the stay is clearly limited to only those three provisions. In any case, Van Wagner has no cause to complain because it itself failed to disclose to the City that it would be including sites with no leases or existing signs on the list in an apparent effort to tie up those sites against Van Wagner's competitors.

Nor does the City's filing of the Dean Staron declaration that inadvertently contained some of the addresses of sites on Van Wagner's list warrant contempt sanctions. This inadvertence should be excused because the Deputy City Attorney handling this matter did not receive the e-mail notice of the court's order prohibiting public release of the list until several hours after that declaration had been filed. (Declaration of Kenneth T. Fong in Support of City of Los Angeles' Ex Parte Application Sealing Document, ¶2).2 Moreover, Van Wagner is to blame for creating the time crunch that caused the mistake because Van Wagner initially filed its motion as an ex parte application which the court has now ruled was inappropriate. Finally, as soon as the City realized its error, it filed an ex parte application asking the Court to seal the declaration. The Court did that at the December 1 hearing, thus entirely eliminating any need now for contempt sanctions to coerce the City into correcting that mistake.

Because there is no basis for contempt sanctions, there is also no basis for the over $37,000 in attorneys fees sought by Van Wagner. Moreover, the Court should

---

2 Van Wagner argues that the City had constructive knowledge of the Court's order because the Court's e-filing system apparently sent the notice to the City at around 4:00 pm that day even though the Deputy City Attorney handling the matter did not actually receive that e-mail until after midnight. Whether you call it "constructive knowledge" or something else, the fact is that the e-mail was not received until after midnight and there was simply no other way for the City to know that the order had been signed.

exercise its discretion to deny attorney's fees given the fact that the City's actions were inadvertent, not willful. *Harcourt Brace Jovanavich Legal & Prof. Pub., Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994)(award of attorney fees for civil contempt within district court's discretion); *Weitzman v. Stein*, 98 F.3d 717, 719 (2nd Cir. 1996)(finding of willfulness strongly supports granting of attorney fees for civil contempt).

### B. Another reason the City should not be held liable for violating the stay is because the stay is unclear.

In order for the City to have violated the stay order, that order must be clear and unambiguous. *Fonar Corp. v. Deccaid Services, Inc.*, 983 F.2d 427, 429-30 (2d Cir. 1993). This is not the case here because the stay language is ambiguous and the parties' interpretations of that language are at odds with each other. The City is simply complying with its interpretation of the stay while Van Wagner is claiming that its own interpretation of the stay is being violated. For this reason alone, it would be improper to hold the City liable for civil contempt.

Each side interprets the stay language very differently and it has become quite evident that the parties did not have a meeting of the minds at the time of entering into the stay. *See, e.g., Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 45 Cal. Rptr. 3d 692 (2006) (where contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable).

The City reads the stay language as applying only to sites on which actual signs already exist. The stay language, which supports this view, reads as follows: "Defendant City and its officers, agents, servants, employees and attorneys, and all those acting in concert or participating with them, shall not enforce against plaintiff Van Wagner, or those in contractual privity with Van Wagner, any part or provision of LAMC Sections 14.4.4(B)(9), 14.4.4(B)(11), or 14.4.6." (Stipulation of Parties

7

1  to Stay Case, ¶ 3.a.). This language requires the City to refrain from enforcing
2  several of its Municipal Code provisions as against Van Wagner or a third-party
3  which has entered into a contract with plaintiff. The City's reading of this language
4  is that it only stays the City from enforcing these provisions as to <u>existing signs</u>.
5  This makes sense because the Code can only be enforced against existing signs. If
6  the parties had intended for the stay to apply to not yet existing signs, it was
7  incumbent for the parties to have spelled that out clearly and expressly in the stay
8  language which obviously was not done. *Burr & Ladd, Inc. v. Marlett*, 230 Cal.
9  App. 2d 468, 41 Cal. Rptr. 130 (1964) (meaning and intent of parties must be
10 placed beyond bounds of mere conjecture).

11        Van Wagner interprets the stay language quite differently—as imposing a
12 stay on the City's enforcement of the Code provisions with respect to three classes
13 of locations: (1) sites with a leasehold and an existing sign, (2) sites with only a
14 leasehold but no existing sign, and (3) sites with neither a leasehold nor an existing
15 sign. While the City disagrees with this view, the very fact that Van Wagner holds
16 it shows that the parties never had a meeting of the minds. *Mariposa Commercial*
17 *& Mining Co. v. Peters*, 215 Cal. 134, 8 P.2d 849 (1932)(no action will lie to
18 enforce the performance of a contract where the contract is uncertain).

19        The stay language is repeated in several other places in the stipulation but is
20 in each instance just as ambiguous as the stay language discussed above.
21 (Stipulation of Parties to Stay Case, ¶ 3(b) and (c).

22        There can be no binding contract where a key term of the contract is
23 inherently uncertain and therefore speculative. This is the case here. Here, the
24 parties agreed that the City's stay of enforcement would relate to a list of sites
25 provided by plaintiff to the City at the time that the parties entered into the
26 stipulation. Recent investigation by City staff shows that some of those sites do not
27 have any actual signs. (Staron Decl., ¶ 4). Because the list of sites is uncertain and
28 because it is the focus of the stay, the stipulation itself is too uncertain to constitute

8

an enforceable contract.

For this reason, the City did not violate the stay and should not be found liable for contempt.

### C. The other reasons cited by Van Wagner are insufficient to justify finding the City liable for civil contempt.

Van Wagner also argues that this Court must enforce the order so as to avoid harm to property owners leasing sites to plaintiff. Unfortunately for Van Wagner, the level of protection it seeks for its lessors is simply not achievable. If the stay had been clearly drafted to reflect Van Wagner's intent, the City would never have agreed to it and Van Wagner would not have the protections it desires. It is only the current, unclear stay that gives Van Wagner room to argue that all of the sites on its list warrant protection. Thus, the claimed harm to Van Wagner's business and customer relationships does not warrant the relief sought by Van Wagner.

In any case, Van Wagner and its lessors are not prejudiced because they still retain the right to seek injunctive relief from this Court.

### D. Sanctions are not warranted for Van Wagner's reliance on the stay.

Van Wagner asks for sanctions due to harm caused by its reliance on the stay. As explained above, there was no meeting of the minds and thus no viable agreement between the parties. No one side is to blame for this, it is just a fact, and it would be improper to impose sanctions on the City. *Talmadge v. Arrowhead Reservoir Co.*, 101 Cal. 367, 35 P. 1000 (1894) (damages are not recoverable for breach of uncertain contract). The most reasonable action for the Court to take would be to simply deny Van Wagner's motion, dissolve the stay, and let the parties litigate the merits.

///
///
///
///

## IV.  CONCLUSION.

For all of these reasons, the Court should deny the motion.

DATED: December 12, 2008          Respectfully submitted,

**ROCKARD J. DELGADILLO,** City Attorney
**TAYO A. POPOOLA,** Deputy City Attorney
**KENNETH T. FONG,** Deputy City Attorney

By  */s/ Kenneth T. Fong*
**KENNETH T. FONG**
Deputy City Attorney

Attorneys for Defendant
**CITY OF LOS ANGELES**

M:\REAL PROP_ENV_LAND USE\LAND_USE\LAND USE\
KENNETH FONG\VAN WAGNER\PLEADINGS\CITY'S OPPOSITION
TO PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS.DOC

# DECLARATION OF FRANK LARA

## DECLARATION OF FRANK LARA

I, Frank Lara, declare that I have personal knowledge of the following facts, and if called as a witness could, and would testify as follows:

1. I have been employed by the Department of Building and Safety for the City of Los Angeles ("Department") for nine (9) years and am currently a Principal Inspector in charge of the Department's Sign Inspection Unit. My duties include supervision of Inspectors engaged in the inspection of new sign installation, inspection of the maintenance and repair of existing signs, and code enforcement of unapproved signs. I am experienced in researching specific sites to determine what signage regulations apply to them, including identifying whether a specific site is covered by any specific plans or supplemental use districts.

2. Other than the orders to comply issued in error that are the subject of Plaintiff's Ex Parte Application For Order To Show Cause Why Defendant Should Not Be Held In Contempt and Sanctioned For Its Violation Of The Parties' Stipulation in the matter of *Van Wagner Communications, LLC, v. City of Los Angeles*, CV 08-05782 DSF, the City has not issued orders to comply for signs on

///

///

///

11

any of the locations on the list of sites provided to the City by Van Wagner in connection with that litigation.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 11th day of December, 2008, at Los Angeles, California.

*[signature]*

Frank Lara
Principal Inspector
Department of Building and Safety
for the City of Los Angeles

# DECLARATION OF
# DAVID MICHAELSON

## DECLARATION OF DAVID MICHAELSON

I, David Michaelson, declare that I have personal knowledge of the following facts, and if called as a witness could, and would testify as follows:

1. I am the Chief Assistant City Attorney in charge of the Municipal Counsel branch of the Los Angeles City Attorney's Office. In that capacity, I have been participating in the City's defense in the matter of *Van Wagner Communications, LLC, v. City of Los Angeles*, USDC No. CV 08-05782 DSF (JTLx).

2. After December 1, 2008, I spoke with Luis Li, counsel for plaintiff Van Wagner Communications, LLC, regarding settling the parties' dispute over the terms of the stay. During those discussions, Mr. Li offered to remove from the stay list some of the sites for which Van Wagner does not have an existing sign. I was unwilling to agree to that offer and asked Mr. Li if Van Wagner would be willing to remove all sites from the list that at the time of the parties entering into the stipulation for stay had neither a current lease nor an existing sign. Mr. Li's response was "no". After that, the parties were unable to settle their dispute.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 12th day of December, 2008, at Los Angeles, California.

David Michaelson
Chief Assistant City Attorney